## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **AMANDA REIDT**, *on behalf of herself and all others similarly situated*,<br><br>             *Plaintiff*,<br><br>     v.<br><br>**ADVANCED MARKETING AND PROCESSING, INC. d/b/a PROTECT MY CAR**,<br><br>             *Defendant*. | CASE NO. 3:23-cv-00234-slc<br><br>CLASS ACTION |

### PLAINTIFF'S OPPOSITION TO
### MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL

Plaintiff, Amanda Reidt ("**Ms. Reidt**"), files this Opposition to the Motion to Withdraw as Defendant's Counsel (Dkt No. 18) (the "**Motion**") and states as follows:

### Relevant Procedural and Factual History

Ms. Reidt initiated this class action lawsuit on April 17, 2023. [Dkt. No. 1.]  On June 12, 2023, Defendant, Advanced Marketing and Processing, Inc. d/b/a Protect My Car ("Protect My Car" or "Defendant") filed a Motion to Compel Arbitration and to Dismiss Plaintiff's Class Action Complaint ("Motion to Compel").  [Dkt. Nos. 8, 9.]  On July 20, 2023, Ms. Reidt filed her opposition to Defendant's Motion to Compel.  [DKt. Nos. 14-15.]

On July 25, 2023, the Court held a telephonic status conference and stayed discovery until December 15, 2023 or until the Court rules on Defendant's Motion to Compel. [Dkt. No. 16.]  The Court set deadlines in the event the Court denies Defendant's Motion to Compel.  [*See id*]. Defendant's Motion to Compel remains pending.

On November 10, 2023, Counsel Greenspoon Marder, PA filed their Motion to Withdraw as Defendant's Counsel ("Motion to Withdraw").  [Dkt. No. 18.]  No substitute counsel has entered

an appearance and Defendant's Counsel advises that they are not aware of substitute counsel.  [*See id.*]  If the Motion is granted, it would leave Defendant, a corporate defendant, without counsel in this case which is prohibited.

### Legal Argument

Ms. Reidt does <u>not</u> oppose the Motion to Withdraw if Defendant intends to engage new counsel and have new counsel enter their appearance before the Motion to Withdraw is granted.

If Defendant does not intend to engage new counsel and defend the case, Defendant would effectively be submitting to a default judgment.  *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir.1985) ("A 'corporation' is an abstraction, and abstractions cannot appear *pro se* . . . . A corporation must appear by counsel or not at all."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Defendant a strategic advantage.  In a TCPA class action lawsuit, a defendant's call records and data are the

key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification— the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). If current counsel withdraws and is not replaced and Defendant defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Ms. Reidt will be prejudiced by her inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by

Defendant.

Furthermore, the Motion to Withdraw provides only generic contact information for Defendant and does not identify any decision maker or individual with authority that may be contacted by the Court or Plaintiff regarding this matter.  [*See* Dkt. No. 18 at 1].  If Defendant does not obtain new counsel and defaults, and the Motion to Compel is denied, Plaintiff would seek the necessary discovery from Defendant and/or its decision makers.  The lack of contact information would frustrate Plaintiff's efforts.

The Motion to Withdraw also does not advise the Court if Defendant has been made aware of the Motion to Withdraw or if a copy of the Motion to Withdraw has been served on Defendant, which is required.  *See J&J Sports Prods. V. GMR Entm't LLC*, No. 11-C-500, 2012 U.S. Dist. LEXIS 34009, at * (E.D. Wis. Mar. 14, 2012) (holding motion in abeyance until counsel complied with court's directives regarding client notification).  This is likely an oversight, however counsel should confirm that Defendant has been advised of the ramifications of not engaging new counsel before the Motion to Withdraw is granted.  *See id.*

If the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, in an effort to limit prejudice to Ms. Reidt and the members of the putative class, Ms. Reidt respectfully requests that the Court allow Ms. Reidt to serve limited discovery and obtain the key calling records and data from Defendant prior to Defendant's Counsel's withdraw.  This would allow Ms. Reidt to maintain communication with Defendant and prosecute the case on behalf of the class, should the Court deny Defendant's Motion to Compel (which may be moot if Defendant defaults).  It would also allow Ms. Reidt to prepare her motion for class certification.

## Conclusion

Based on the foregoing, Ms. Reidt does <u>not</u> oppose the Motion if Defendant intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. In the event the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, Ms. Reidt respectfully requests the opportunity to conduct limited discovery prior to counsel's withdraw to obtain the necessary calling records.

**Dated:** November 13, 2023

_s/ Max S. Morgan_____
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

_Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2023, this document is being electronically filed with the Court through CM/ECF, which will forward and serve a copy upon all counsel of record in compliance with the Federal Rules of Civil Procedure.  In addition, a copy of this document is being served on Defendant via first class mail at the following address:

Advanced Marketing and Processing, Inc.
d/b/a Protect My Car
570 Carillon Pkwy, #300,
St. Petersburg, FL 33716

By: s/ Max S. Morgan_____
Max S. Morgan, Esq.