IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMANDA REIDT, on behalf of herself and all other similarly situated,

                Plaintiff,

  v.

ADVANCED MARKETING AND PROCESSING, INC. D/B/A PROTECT MY CAR,

                Defendant.

OPINION and ORDER

23-cv-234-jdp

---

The court held a scheduling conference to consider defendant's counsel's motion to withdraw, the scope of discovery for the 9 U.S.C. § 4 trial on whether plaintiff Amanda Reidt entered a contract with an arbitration agreement, and the schedule for the trial. Plaintiff appeared by counsel, Max Morgan. Defendant appeared by counsel, Rob Taub.

As the court warned in its December 7, 2023, order, Dkt. 21, the court will not compel defendant's counsel to work on this case indefinitely. Counsel reported that he has received no further information from his client concerning successor counsel since the court's December 7 order and that the grounds for counsel's motion to withdraw remain the same. The court will grant defendant's counsel's motion to withdraw effective February 15, 2024, unless successor counsel has entered an appearance before then. Defendant, as an incorporated entity, may not proceed without counsel. If successor counsel does not appear by that date, plaintiff may move for entry of default and for a default judgment.

The court clarified that the scope of discovery and the trial is limited to the issue of whether Reidt entered an arbitration agreement on the website JobFlags.com. Resolving this issue will require the parties to show the appearance of the website on the date that defendant

contends Reidt submitted her information and whether the language and layout of the website was sufficient to provide reasonable notice of an arbitration agreement. But information about other TCPA claims against defendant or other leads that defendant may have obtained from the website are issues that are not relevant at this phase of the litigation.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37. This court expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a prima facie entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.

The court set the following schedule:

- **Close of discovery: March 15, 2024**
- **Pretrial submissions: April 19, 2024**

This date is the deadline to file and serve all trial briefs, motions in limine, witness lists, exhibit lists, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

- **Responses to pretrial submissions: April 29, 2024**
- **Final pretrial conference via Zoom: May 3, 2024, at 1:00 PM**
- **Jury trial begins: May 9, 2024, at 9:00 AM**

ORDER

IT IS ORDERED that:

1. Defendant may have until February 15, 2024, to secure replacement counsel.
2. The close of discovery is March 15, 2024.
3. Pretrial submissions are due April 19, 2024.
4. Responses to pretrial submissions are due April 29, 2024.
5. The final pretrial videoconference is set for May 3, 2024, at 1:00 PM.
6. The jury trial is set for May 9, 2024, at 9:00 AM.

Entered January 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge